Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5677 | **DATE** | August 25, 2011 |
| **CASE TITLE** | Jimmie C. Haynes (#2011-0623038) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Jimmie C. Haynes, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that upon intake at Cook County Jail on November 17, 2010, he was informed that the jail did not prescribe one of the medications he was taking and that the jail did not have another of his medications. Plaintiff eventually received some medications but even these were later discontinued.

Plaintiff next alleges that at some time he was taken to Stroger Hospital and someone spoke to him about receiving a pacemaker. Plaintiff did not want surgery because medications were available to regulate his heartbeat instead of an invasive procedure.

Plaintiff also makes general allegations of nursing staff not responding to his requests for medications and being unprofessional. He also alleges that "physicians" have not managed his pain effectively, several neurological appoints at Stroger Hospital have been "avoided," and that antibiotic ointments and bandages are not available.

Plaintiff next identifies a "plethora" of isolated incidents of malpractice." Lastly, Plaintiff alleges that his crutches were improperly confiscated and that two correctional officers "conspired" to prevent hm from seeing a doctor on at least one occasion.

# STATEMENT

Plaintiff names Cook County, several unknown medical personnel, some of the nurses at Cook County Jail as Defendants.

Plaintiff's complaint fails to sufficiently state a claim against any identified Defendant and improperly includes misjoined claims and Defendants..

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

First, Plaintiff's complaint fails to provide the Defendants notice of the time when the events took place. Plaintiff alleges multiple incidents of alleged unconstitutional conduct but fails to provide any dates as to when this conduct took place. In addition, Plaintiff does not name a specific Defendant(s) in most of his allegations. These general allegations fail to give any Defendant adequate notice of the claim(s) against him/her.

Furthermore, Plaintiff's complaint improperly includes unrelated claims. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals held that unrelated claims involving unrelated defendants must be brought in separate suits. *George*, 507 F.3d at 606-07. Plaintiff complaint appears to contain a myriad of unrelated claims against unrelated Defendants; unrelated claims must be filed in separate suits.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to file an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must, on or before 30 days from the date of this order, submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.

*/s/ James F. Holderman*